Electronically Filed
Intermediate Court of Appeals
30521
31-MAR-2011
08:40 AM

NO. 30521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF KB

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 07-11642)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Leonard, JJ.)

Father-Appellant (Father) appeals from the order denying Father's motion for reconsideration of the order awarding permanent custody (Order Denying Motion for Reconsideration), which was entered by the Family Court of the First Circuit (Family Court)[1] on April 27, 2010.[2] The order awarding permanent custody (Permanent Custody Order), which divested Father of his parental rights over his child, KB, (Child) and awarded permanent custody to the Department of Human Services (DHS), was based on a default entered against Father due to his failure to appear at a pretrial conference. On appeal, Father argues that the Family Court abused its discretion in denying Father's motion for reconsideration of the order awarding

_____

[1] The Honorable Christine E. Kuriyama presided.

[2] The Order Denying Motion for Reconsideration was included in the April 27, 2010, "Orders Concerning Child Protective Act" filed by the Family Court.

permanent custody (Motion for Reconsideration), pursuant to which Father requested that the Family Court set aside the entry of default that led to the Permanent Custody Order. For the reasons explained below, we vacate the Family Court's Order Denying Motion for Reconsideration, and we remand the case with directions that the Family Court grant Father's Motion for Reconsideration and set aside the entry of default that led to the Permanent Custody Order.

I.

The Family Court first awarded the DHS temporary foster custody of Child in November 2007. At that time, Father was incarcerated. Between November 2007 and August of 2009, Father attended in person or by telephone all eight of the scheduled Family Court hearings, including six review hearings, that he was required to attend. While in prison, Father made an honest effort to participate in services that were available. Father was released from prison sometime in 2009, and he moved back to Kauaʻi, while Child remained in foster custody on Oʻahu.

The DHS filed its motion for permanent custody (Permanent Custody Motion) on August 10, 2009. Father attended a hearing on August 18, 2009, and was informed that trial on the Permanent Custody Motion had been set on Oʻahu for February 17, 2010, with a pretrial conference scheduled for February 2, 2010. The Family Court gave Father permission to appear at the pretrial conference by telephone. Father failed to appear at the pretrial conference on February 2, 2010.[3] Based on Father's non-appearance, the Family Court entered default against Father and granted the DHS's Permanent Custody Motion divesting Father of his parental rights.

---

[3] Father also failed to appear at a November 13, 2009, hearing on the DHS's motion to permit foster parents to take Child on a mainland vacation.

2

On February 22, 2010, Father submitted[4] his Motion for Reconsideration, pursuant to which he sought to set aside the entry of default and the granting of the Permanent Custody Motion. Father's counsel asserted in a Declaration attached to the Motion for Reconsideration that Father "was unaware" of the pretrial conference and had only recalled the trial date. At the hearing on the Motion for Reconsideration, Father's counsel represented that on February 17, 2010, Father had called counsel to let counsel know that Father was present in Honolulu for the trial. At that time, counsel advised Father about the entry of default and Father asked counsel to file a motion to set aside the default. At the hearing on his Motion for Reconsideration, Father represented that he had attempted to appear by telephone at the pretrial conference on February 2, 2010, but hung up after he was put on hold for "over half an hour." The Family Court denied Father's Motion for Reconsideration.

II.

We review the Family Court's denial of Father's Motion for Reconsideration to set aside the entry of default on the Permanent Custody Motion for abuse of discretion. See Rearden Family Trust v. Wisenbaker, 101 Hawai'i 237, 254, 65 P.3d 1029, 1046 (2003).[5] We conclude that our recent decision in In re TW, No. 30387, 2011 WL 288492 (Hawai'i App. January 31, 2011), controls the outcome of this case. In the In re TW case, a mother who had actively participated in court proceedings involving her child was defaulted and divested of her parental rights by the Family Court for her single failure to appear at a trial-setting hearing on a permanent custody motion. Id., slip

---

[4] Although the Motion for Reconsideration was received by the Family Court on February 22, 2010, the motion was filed on February 24, 2010.

[5] In Rearden, 101 Hawai'i at 253-54, 65 P.3d at 1045-46, the Hawai'i Supreme Court concluded that because the denial of the motion to set aside the default judgment stemmed from the trial court's exercise of discretion in imposing the default sanction, the denial of the motion to set aside was subject to the same review standard of abuse of discretion.

op. at 10-11, 2011 WL 288492 at *5-*6. Noting a parent's "fundamental liberty interest in the care, custody, and control" of his or her child, we held that the Family Court had abused its discretion in imposing the disproportionately "harsh and drastic" sanction of default against the mother, which deprived her of the opportunity to contest the DHS's permanent custody motion on the merits. Id., slip op. at 11, 2011 WL 288492 at *6.

Based on In re TW, we hold that the Family Court abused its discretion in denying Father's Motion for Reconsideration. On remand, Father will have the opportunity to contest the DHS's Permanent Custody Motion on the merits. We express no view on how the Permanent Custody Motion should be resolved.

III.

We vacate the Family Court's April 27, 2010, Order Denying Motion for Reconsideration, which was included in its April 27, 2010, "Orders Concerning Child Protective Act." We remand the case (1) with directions that the Family Court grant Father's Motion for Reconsideration and set aside the entry of default that led to the Permanent Custody Order and (2) for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, March 31, 2011.

On the briefs:

Wilfred S. Tangonan
for Father-Appellant

Jonathan M. Fujiyama
Mary Anne Magnier
Deputies Attorney General
for Department of Human
Services-Appellee

Chief Judge

Associate Judge

Associate Judge

4